1  **FARUQI & FARUQI, LLP**
2  Benjamin Heikali (State Bar No. 307466)
   *bheikali@faruqilaw.com*
3  Joshua Nassir (State Bar No. 318344)
   *jnassir@faruqilaw.com*
4  Ruhandy Glezakos (State Bar No. 307473)
   *rglezakos@faruqilaw.com*
5  10866 Wilshire Boulevard, Suite 1470
6  Los Angeles, California 90024
7  Telephone: (424) 256-2884
8  Facsimile: (424) 256-2885

9  **CALCATERRA POLLACK LLP**
10 Janine L. Pollack (*pro hac vice* forthcoming)
   *jpollack@calcaterrapollack.com*
11 Michael Liskow (State Bar No. 243899)
   *mliskow@calcaterrapollack.com*
12 1140 Avenue of the Americas, 9th Floor
13 New York, NY 10036-5803
   Tel: (212) 899-1761
14 Fax: (332) 206-2073
15
16 *Attorneys for Plaintiff Marcelo Muto*

17            **UNITED STATES DISTRICT COURT**
18            **CENTRAL DISTRICT OF CALIFORNIA**
                    **EASTERN DIVISION**
19

| | |
|---|---|
| 20 MARCELO MUTO, individually and on behalf of all others similarly situated, | Case No. 5:21-cv-1161 |
| 21 | **CLASS ACTION COMPLAINT** |
| 22 Plaintiff, | **DEMAND FOR JURY TRIAL** |
| 23 v. | |
| 24 SEGA OF AMERICA, INC., PLAY IT! AMUSEMENTS, INC., KOMUSE AMERICA INC., | |
| 25 | |
| 26 | |
| 27 Defendants. | |
| 28 | |

CLASS ACTION COMPLAINT

Plaintiff Marcelo Muto ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class," as defined below), brings this Class Action Complaint against defendants Sega of America, Inc., Play It! Amusements, Inc. and Komuse America Inc. ("Defendants"), and respectfully alleges as follows. Plaintiff bases the allegations herein on personal knowledge as to matters related to, and known to, him.  As to all other matters, he bases his allegations on information and belief, through investigation of his counsel. Plaintiff believes substantial evidentiary support exists for the allegations below and seeks a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      Plaintiff brings this consumer protection and deceptive practices class action lawsuit against Defendants, based on Defendants' deceptive business practices with respect to the marketing and operation of their player-operated Key Master prize vending machine games ("Key Master Machine").

2.      At all relevant times, Defendants have systematically marketed and sold the Key Master Machine with images and advertising which indicate the machines are games of pure skill when, in reality, the machines are rigged and are designed to prevent even highly-skilled users from being able to win until a set number of unsuccessful plays have been completed.

3.      The Key Master Machine is marketed and presented to potential players as being a game of pure skill, rather than chance.  Specifically, based on the appearance, design, and instructions on the Key Master Machine, Defendants represent to consumers that the machine will reward the player with a prize if the player successfully times the moving player-controlled key to stop and enter into a "keyhole" in the machine.  Nowhere on the Key Master Machine do Defendants inform consumers of the truth: that the machines are rigged so that players can only win prizes at certain times.

4.      Thus, even if the player skillfully controls the movement of the key by

stopping the key in just the right spot, where the key would enter the keyholder if there were no interference by the Key Master Machine's programming, the player will not win a prize unless the player happens to have played the game at the same time it was pre-programmed to allow a win.

5.     Defendants' conduct harms consumers by inducing them to pay to play the Key Master Machine under the false premise that, if they skillfully control the movement of the key to enter the keyhole, they will win the prize they intend to obtain.

6.     Plaintiff and other consumers would not have otherwise paid money to play the Key Master Machine, or paid for others to play, or would not have paid as much, had they known that the machines were not purely based on skill, and instead were programmed to allow the operator of the machine to undermine the player's skill by preventing the key from entering the lock.

7.     Plaintiff now brings this action individually and on behalf of the members of the proposed Classes (defined *infra*) to stop Defendants' unlawful practices, seeking injunctive and monetary relief and such additional relief as the Court may deem just and proper.

**JURISDICTION AND VENUE**

8.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA").  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, and there is diversity of citizenship between some members of the proposed classes and each Defendant.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendants distributed, marketed, and sold the Key Master Machines within this District and caused harm to class members residing in this District.  Moreover, Plaintiff spent money to play the Key Master Machine within this District.

10.    This Court has personal jurisdiction over Defendants because

Defendants have sufficient minimum contacts with the State of California, and/or otherwise intentionally avail themselves of the markets in the State of California through the distributing, marketing, and sale of the Key Master Machines in this State to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice. Furthermore, Plaintiff's claims arise out of Defendants' conduct within California, including Defendants' conduct of disseminating in California false and misleading representations on the Key Master Machines indicating that the machines are games of skill, when they are not. Additionally, Sega of America, Inc. and Komuse America Inc. maintain their principal place of business in California.

## PARTIES

### Plaintiff

11. Plaintiff Marcelo Muto is a citizen of California and resides in Indio, California.

12. Plaintiff played the Key Master Machine on multiple occasions in or around mid-to-late 2019 at the Westfield Mall in Palm Desert, California.

13. Based on the appearance, design and instructions of the Key Master Machine, Plaintiff reasonably believed that the likelihood of success in winning a prize was tied purely to his skill and technique in playing the game.

14. Plaintiff did not know, and had no reason to know, that the game was designed to only allow a player to win after the game had been played a certain number of times.

15. Despite his best attempts to maneuver the key skillfully into the keyhole, Plaintiff was unable to do so and did not win any prizes.

16. Had Plaintiff known that the Key Master Machine was rigged, and were not games of skill as presented, he would not have paid monies to play the game. Therefore, Plaintiff suffered injury in fact and lost money as a result of Defendants' misleading, false, unfair, and fraudulent practices, as described herein.

17.     Despite being misled, Plaintiff would likely continue to pay monies to play the Key Master Machines in the future, but only if the machines were not rigged to be games of chance and not games of pure skill.  While Plaintiff currently believes the Key Master Machines are rigged to be games of chance, he lacks personal knowledge as to how the machines are specifically programmed, leaving doubt in his mind as to the possibility in the future that some Key Master Machines made by Defendants could be programmed to be purely games of skill.  This uncertainty, coupled with his desire to play the machines and the fact that he regularly visits stores which have the Key Master Machines, is an ongoing injury that can and would be rectified by an injunction enjoining Defendants from designing and representing the Key Master Machines to portray that they are games of skill when they are not. In addition, Class members will continue to pay money to play the Key Master Machines, reasonably but incorrectly believing that they are games of pure skill, absent an injunction.

**Defendants**

18.     Defendant Sega of America, Inc. ("Sega of America" or "Sega") is a California corporation with its principal place of business in Irvine, California.  Sega of America, directly and/or through its agents, is responsible for Sega Corporation's North America operations, including the development, marketing, distribution, and sales of amusement arcade machines such as Key Master in the United States.  Along with Komuse (defined below), Sega of America co-manufactures the Key Master Machine.  Sega of America maintains substantial distribution and sales of the Key Master Machines throughout California, including in this District.

19.     Defendant Play It! Amusements, Inc. ("Play It!"), previously Sega Amusements U.S.A., Inc., is an Illinois corporation with its principal place of business in Morton Grove, Illinois.  Play It!, directly and/or through its agents, is involved in the repair, maintenance, and sale of the Key Master Machines and their parts, and therefore has relevant knowledge regarding the allegations herein.  Play

It! has made extensive sales of the Key Master Machine parts throughout California, including in this District.

20.    Defendant Komuse America Inc. ("Komuse") is a California corporation with its principal place of business in San Pedro, California.  Komuse, directly and/or through its agents, is the manufacturer of the Key Master Machines. Komuse has manufactured a substantial number of Key Master Machines throughout California, including in this District.

## FACTUAL ALLEGATIONS

### Operation of the Key Master Machine

21.    Defendants portray the Key Master Machine as a simple game of pure skill with a straight-forward directive: navigate the player-controlled key into a key-shaped slot.  Defendants market the Key Master Machine with the following imagery and instructions:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24



25    22.    According to the appearance and instructions ("HOW TO PLAY") of
26  the machine, the user reasonably believes that the key's movement will only be
27  controlled by the user-operated joystick and button, which move the key vertically
28  and horizontally, respectively.

23.     However, these instructions are deceptive and misleading because it is not true that if the user follows them, the prize will be awarded.  In fact, there is nothing on the machines, either graphical or written, which warns consumers that the machine has been pre-programmed to make the key impossible to successfully maneuver unless a specific number of forced-failed attempts have already occurred.

24.     Thus, reasonable consumers reasonably believe that they can guide the key using the joystick without any third-party interference, and that if they skillfully aim the key in the right place to align with the keyhole, the key will insert into the keyhole and unlock the prize sought.

25.     Attached as **Exhibit A** is a true and correct copy of the owner's manual for the Key Master Machine (the "Manual").

26.     As the Manual makes clear, the Key Master Machine has been designed so that, in its default settings, the "game will not reward a prize until the number of player attempts reaches the threshold of attempts set by [the] operator."  Manual 6. The default number of attempts before a player can win is 700.  *See id.* at 7.

27.     The Manual further reveals a setting labeled "Compulsory Upper Deviation."  *Id.* This setting demonstrates that the Key Master Machine allows for "deviation" in units of millimeters, ranging from 0.4mm at minimum and 3.6mm at its maximum.  *Id.*  Given that the primary movement involved with the Key Master Machine is the player-controlled key, it is highly likely that this "Compulsory Upper Deviation" setting refers to the player-controlled key.

28.     Defendants hold exclusive knowledge of these rigged settings given that they are not disclosed to consumers, and there is no reasonable way for consumers to reasonably uncover the Key Master Machine's internal programming.

29.     Defendants' omission of these settings is material given that they relate to the central functionality of the Key Master Machine, allowing a prize-offering game of chance to masquerade as a game of pure skill.  Consumers play the Key Master Machines because they believe that if they skillfully and correctly aim the

key with the machine's joystick, they will win the prize they seek. Unfortunately for consumers, Defendants disallow successful attempts to win the game until a pre-determined number of failed attempts have been completed.

30. Furthermore, Sega has tacitly conceded that the Key Master Machine is not a game of pure skill through its design and release of the "Prize Locker" standalone game and conversion kit, which allows an operator of a Key Master Machine to convert the game to one that is, unlike the Key Master Machine, a "100% skill game".[1] Sega has offered this option because, while "[t]he High-Value Prize Vending Game, (HVPV) category" of games, for example the Key Master Machine, "has proven incredibly popular with operators as well as players with the ability to deliver outstanding earnings and performance with a high level of entertainment[,] [u]nfortunately, many areas of the world aren't able to benefit from this outstanding category due to local or state regulations prohibiting their operation."[2]

31. For these reasons, the Key Master Machine is rigged, and consumers have no reasonable way of uncovering the true nature of the machine.

**Defendants' Deception Harms Consumers**

32. As Sega Sammy Holdings (a parent company of Defendant Sega of America) admits in its Fiscal Results Presentation, it expects substantial growth in the income derived from its amusement machines such as the Key Master Machine.[3]

33. Defendants' continued and growing deception poses a strong threat to consumers, as they will continue to be deceived into paying monies to play the Key Master Machine, not knowing the machine is rigged.

---

[1] Betson, *Prize Locker*, https://www.betson.com/amusement-products/prize-locker/ (last visited July 12, 2021).
[2] *Id.*
[3] SegaSammy, *Fiscal Year Ended March 2021 Results Presentation* (May 13, 2021), https://www.segasammy.co.jp/english/pdf/release/202103_4q_presentation_20210 513_e.pdf at 64.

34.     Defendants' conduct has already alerted governmental watchdogs into action.  For example, the Arizona Attorney General investigated the Key Master Machines based on these same allegations, that the programming "switched the Key Master from a game of skill to a game of chance."[4]  The investigation led to a $1 million settlement and the State seizing over sixteen Key Master Machines.

35.     Defendants have refused to cease their deceptive conduct and continue to manufacture and advertise the Key Master Machines as games of skill, as opposed to the illicit gambling machines they truly are. This refusal, and continued marketing of the Key Master Machines as games of skill, only serve the profit-maximizing interests of Defendants.

36.     As the entities responsible for the development, manufacturing, advertising and sale of the Key Master Machines, Defendants knew, or should have known, that in designing the Key Master Machines with such written and graphical representations, Plaintiff and putative class members would rely on these representations into believing the Key Master Machines were games of skill.

37.     In reasonable reliance on the Key Master Machine's representations, as demonstrated above, and reasonably believing the machines were games of pure skill, Plaintiff and the Class members paid monies to play the machines.

38.     Had Plaintiff and the Class members known that the Key Master Machines were programmed as discussed above, they would not have paid money to play the machines, or would not have been willing to pay as much as they did.

39.     Consequently, Plaintiff and the Class members paying monies to play the Key Master Machines have suffered injury in fact and lost money as a result of Defendants' false, unfair, and fraudulent practices, as described herein.

---

[4] Serena O'Sullivan, *Arizona settles with gaming company for $1M after finding game had unfair odds*, The Arizona Republic (May 29, 2019), https://www.azcentral.com/story/news/local/phoenix-breaking/2019/05/29/arizona-settles-gaming-company-after-finding-key-master-game-had-unfair-odds/1273582001/.

40.     In light of Defendants' misleading business practices, and the harm such practices caused to Plaintiff and the Class members, Defendants should be enjoined to conspicuously disclose on the Key Master Machines that they are not games of skill.  Furthermore, Defendants should be required to pay for all damages they caused by misleading consumers, including Plaintiff.

## CLASS ACTION ALLEGATIONS

41.     Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of all members of the following Classes (collectively the Classes are referred to herein as the "Classes"):

**California Subclass**

All persons who, within the relevant statute of limitations period, paid money to play, or paid for others to play, the Key Master Machine in the state of California.

**California Consumer Subclass**

All persons who, within the relevant statute of limitations period, paid money to play, or paid for others to play, the Key Master Machine in the state of California for personal, family, or household purposes.

**Nationwide Class**

All persons in the United States who, within the relevant statute of limitations period, paid money to play, or paid for others to play, the Key Master Machine in the United States.

42.     Excluded from the Classes are the following individuals and/or entities: Defendants and their parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendants have a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

43.     Plaintiff reserves the right to modify or amend the definition of the

1   proposed Classes after having had an opportunity to conduct discovery.

2       44.   Plaintiff is a member of all Classes.

3       45.   <u>Numerosity:</u> The proposed Classes are so numerous that joinder of all

4   members would be impractical.  The Key Master Machines are available for use

5   across California and the United States at various arcades, amusement parks, and

6   other areas where similar games are offered.  The number of individuals who spent

7   monies to play the Key Master Machines within the United States and the state of

8   California during the relevant time period is at least in the tens of thousands.

9   Accordingly, members of the Classes are so numerous that their individual joinder

10  herein is impractical.  While the precise number of members of each of the Classes

11  and their identities are unknown to Plaintiff at this time, the members of the Classes

12  are identifiable and ascertainable.

13      46.   <u>Common Questions Predominate:</u> There are questions of law and fact

14  common to the proposed Classes that will drive the resolution of this action and will

15  predominate over questions affecting only individual members of the Classes.  These

16  questions include, but are not limited to, the following:

17          a.   Whether Defendants misrepresented material facts and/or failed

18               to disclose material facts in connection with the advertising,

19               marketing, distribution, and sale of the Key Master Machines;

20          b.   Whether Defendants' use of false or deceptive written and

21               graphical representations on the Key Master Machines

22               constitutes false or deceptive advertising;

23          c.   Whether Defendants engaged in unfair, unlawful and/or

24               fraudulent business practices;

25          d.   Whether Defendants' unlawful conduct, as alleged herein, was

26               intentional and knowing;

27          e.   Whether Plaintiff and the Classes are entitled to damages and/or

28               restitution, and in what amount;

f.      Whether Defendants are likely to continue using false, misleading or unlawful conduct such that an injunction is necessary; and

g.      Whether Plaintiff and the Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

47.     Defendants have engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiff and members of the Classes.  Similar or identical statutory and common law violations, business practices, and injuries are involved.  The injuries sustained by members of the proposed Classes flow, in each instance, from a common nucleus of operative fact, namely, Defendants' deceptive advertising of the Key Master Machines.  Each instance of harm suffered by Plaintiff and members of the Classes has directly resulted from a single course of illegal conduct.  Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

48.     <u>Superiority</u>: Because of the relatively small size of the claims of the individual members of the Classes, no member of the Classes could afford to seek legal redress on an individual basis.  Furthermore, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.   Individualized litigation also presents a potential for inconsistent or contradictory judgments.  A class action is superior to any alternative means of prosecution.

49.     <u>Typicality</u>: The representative Plaintiff's claims are typical of those of the proposed Classes, as all members of the proposed Classes are similarly affected by Defendants' uniform unlawful conduct as alleged herein.

50.     <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the proposed Classes as his interests do not conflict with the interests of the members of the proposed Classes he seeks to represent, and he has retained counsel competent and experienced in class action litigation.  The interests of the members of the

1    Classes will be fairly and adequately protected by Plaintiff and his counsel.

2        51.    This lawsuit is maintainable as a class action under Federal Rule of

3    Civil Procedure 23, including Fed. R. Civ. P. Rule 23(b)(2), because Defendants

4    acted, or failed to act, on grounds generally applicable to Plaintiff and the proposed

5    Classes, supporting the imposition of uniform relief, both monetary and injunctive,

6    to ensure compatible standards of conduct toward the members of the Classes.

7        52.    Plaintiff reserves the right to alter the definitions of the Classes as he

8    deems necessary at any time to the full extent that the Federal Rules of Civil

9    Procedure, the Local Rules of the United States District Court for the Central District

10   of California, and applicable precedent allow.

11       53.    Certification of Plaintiff's claims for class-wide treatment is

12   appropriate because Plaintiff can prove the elements of his claims on a class-wide

13   basis using the same evidence as individual members of the Classes would use to

14   prove those elements in individual actions alleging the same claims.

### CLAIMS FOR RELIEF

### FIRST CLAIM

**Violation of California's Consumers Legal Remedies Act ("CLRA")**
**CAL. CIV. CODE § 1750, *et seq.***
***(for the Nationwide Class; in the alternative, for the California Consumer***
***Subclass)***

20       54.    Plaintiff repeats the allegations contained in paragraphs 1-53 above as

21   if fully set forth herein.

22       55.    Plaintiff brings this claim individually and on behalf of the Nationwide

23   Class, or in the alternative, for the California Consumer Subclass, against

24   Defendants.

25       56.    Defendants' offering of the ability to play the Key Master Machine and

26   potentially earn a prize in exchange for monies are "services" pursuant to California

27   Civil Code § 1761(b), and the payment to play the Key Master Machine made by

28   Plaintiff Muto and members of the Nationwide and California Consumer Subclass

1  constitute "transactions" pursuant to Cal. Civ. Code § 1761(e).  Further, Plaintiff and

2  members of the proposed Nationwide Class and California Consumer Subclass are

3  consumers within the meaning of Cal. Civ. Code § 1761(d).

4      57.    Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or

5  services have sponsorship, approval, characteristics, ingredients, uses, benefits, or

6  quantities that they do not have . . . ."  By placing graphical and written representations

7  on the Key Master Machine which portray the machines' movements as only subject to

8  control by the user, Defendants represented that the Key Master Machine is an

9  entertainment service that is a game of pure skill when it is not.  Further, by omitting

10 that the Key Master is designed to disallow users from winning until a pre-determined

11 number of failed attempts have been completed, Defendants failed to disclose material

12 facts regarding the Key Master Machine's characteristics and use.   A reasonable

13 consumer would believe that the Key Master Machine would not be converted into

14 games of chance based on its undisclosed programming, and that the machine would

15 not be programmed to require a pre-determined amount of failures before the user is

16 allowed to successfully operate the game and win a prize.  Therefore, Defendants have

17 violated section 1770(a)(5) of the CLRA.

18     58.    Cal. Civ. Code § 1770(a)(7) prohibits "[r]epresenting that goods or

19 services are of a particular standard, quality, or grade, or that goods are of a particular

20 style or model, if they are of another."  By placing graphical and written representations

21 on the Key Master Machine which portray the machines' movements as only subject to

22 control by the user, Defendants represented the Key Master Machine as having the

23 standard and quality of an entertainment service that is a game of pure skill when it is

24 not.  Further, by omitting that the Key Master Machine is designed to disallow users

25 from winning until a pre-determined number of failed attempts have been completed,

26 Defendants failed to disclose material facts regarding the Key Master Machine's

27 standard and quality.   A reasonable consumer would believe that the Key Master

28 Machine would not be converted into a game of chance based on its undisclosed

1    programming, and that the machine would not be programmed to require a pre-
2    determined amount of failures before the user is allowed to successfully operate the
3    game and win a prize.  Therefore, Defendants have violated section 1770(a)(7) of the
4    CLRA.

5         59.    Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services
6    with intent not to sell them as advertised."   By placing graphical and written
7    representations on the Key Master Machine which portray the machines' movements
8    as only subject to control by the user, Defendants advertised the Key Master Machine
9    as an entertainment service that is a game of pure skill when it is not.  Further, by
10   omitting that the Key Master Machine is designed to disallow users from winning until
11   a pre-determined number of failed attempts have been completed, Defendants failed
12   to disclose material facts regarding the Key Master Machine.  A reasonable consumer
13   would believe that the Key Master Machine would not be converted into a game of
14   chance based on its undisclosed programming, and that the machine would not be
15   programmed to require a pre-determined amount of failures before the user is allowed
16   to successfully operate the game and win a prize.  Therefore, Defendants have violated
17   section 1770(a)(9) of the CLRA.

18        60.    Because the Key Master Machine's programmed inability to allow for
19   a user to win the prize pertains to the Key Master Machine's central functionality as
20   a prize-dispensing game, Defendants were obligated to disclose these material facts
21   to Plaintiff and other consumers.  Because Defendants failed to disclose these
22   material facts, consumers were misled.  At all relevant times, Defendants knew or
23   reasonably should have known that there was no disclosure on the Key Master
24   Machines that the machines were rigged to cause Plaintiff and other Nationwide and
25   California Consumer Subclass members to fail at the game.

26        61.    At all relevant times, Defendants knew or reasonably should have
27   known that Plaintiff and other members of the Nationwide Class and California
28   Consumer Subclass relied on the foregoing representations and omissions and

1  continue to be deceived and harmed by Defendants' foregoing unfair practices.  This
2  is especially the case in light of the Arizona Attorney General's investigation and
3  action on this issue.

4      62.    Plaintiff and members of the Nationwide Class and California
5  Consumer Subclass reasonably and justifiably relied on Defendants' misleading
6  representations and fraudulent omissions regarding the Key Master Machines.
7  Plaintiff and other consumers did not know, and had no reason to know, at the time
8  they paid monies to play the machines, that the machines were rigged.

9      63.    Plaintiff and members of the Nationwide Class and California
10  Consumer Subclass suffered injuries caused by Defendants because they would not
11  have paid money to play, or paid for others to play the Key Master Machines, had
12  they known of Defendants' misleading and fraudulent conduct.

13      64.    Under Cal. Civ. Code § 1780(a), Plaintiff and members of the Classes
14  seek damages, restitution, declaratory and injunctive relief, and all other remedies
15  the Court deems appropriate for Defendants' violations of the CLRA.

16      65.    Pursuant to Cal. Civ. Code § 1782, on December 10, 2020, counsel for
17  Plaintiff mailed a notice and demand letter by certified mail, with return receipt
18  requested, to Defendants, outlining that Defendants violated the CLRA based on the
19  conduct alleged herein.  Counsel for Defendants responded on January 31, 2021,
20  refusing to take any action based on this conduct.  Because Defendants have failed
21  to fully rectify or remedy the damages caused within 30 days after receipt of the
22  notice and demand letter, Plaintiff timely filed the Class Action Complaint for a
23  claim for damages under the CLRA.

24      66.    Pursuant to Section 1780(d) of the CLRA, Plaintiff has filed,
25  concurrently with this complaint, an affidavit showing that this action was
26  commenced in the proper forum given that Plaintiff spent money playing the Key
27  Master Machine in this District.

28

CLASS ACTION COMPLAINT

## SECOND CLAIM FOR RELIEF
### Violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200, *et seq.*
### (*for the Nationwide Class; in the alternative, for the California Subclass*)

67.    Plaintiff repeats the allegations contained in paragraphs 1-53 above as if fully set forth herein.

68.    Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class, or in the alternative, the California Subclass against Defendant.

69.    UCL § 17200 provides, in pertinent part, that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . . ."  California Business and Professional Code ("Cal. Bus. & Prof. Code") § 17200.

70.    Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

71.    Defendants' misrepresentations and omissions regarding the Key Master Machines being a game of skill were and continue to be "unlawful" because they violate the CLRA, Cal. Penal Code § 330b(a), and other applicable laws as described herein.

72.    As a result of Defendants' unlawful business acts and practices, Defendants have and continue to unlawfully obtain money from Plaintiff and members of both the Nationwide Class and California Subclass.

73.    Under the UCL, a business act or practice is "unfair" if the defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims.

74.    Defendants' conduct was and continues to be of no benefit to users of

the Key Master Machines, as it is misleading, unfair, unlawful, and is injurious to consumers who paid monies to play, or paid for others to play the machines and were deceived by Defendants' fraudulent omissions and misrepresentations.  Deceiving consumers about the functionality of the Key Master Machine and its programming to prevent players from winning the game, even if they would have played the game skillfully and accurately, is of no benefit to the consumers.  Therefore, Defendants' conduct was and continues to be "unfair."

75.    As a result of Defendants' unfair business acts and practices, Defendants have obtained and continue to unfairly obtain money from Plaintiff, and members of both the Nationwide Class and California Subclass.

76.    Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public.

77.    Defendants' conduct here was and continues to be fraudulent because it has deceived and will continue to likely deceive consumers by failing to disclose the fact that the Key Master Machine is rigged and disallows users from winning until a pre-determined number of failed attempts have been completed.  Because Defendants misled, and will likely continue to mislead, Plaintiff and members of both the Nationwide Class and California Subclass, Defendants' conduct was "fraudulent."

78.    As a result of Defendants' fraudulent business acts and practices, Defendants have obtained and continue to fraudulently obtain money from Plaintiff and members of both the Nationwide Class and California Subclass.

79.    Plaintiff requests that this Court cause Defendants to restore this unlawfully, unfairly, and fraudulently obtained money to Plaintiff, and members of both the Nationwide Class and California Subclass, to disgorge the profits Defendants made on these transactions, and to enjoin Defendants from violating the UCL or violating it in the same fashion in the future as discussed herein.  Otherwise, Plaintiff and members of both the Nationwide Class and California Subclass may be

1   irreparably harmed and/or denied an effective and complete remedy if such an order

2   is not granted.

3       80.    Monetary damages are an inadequate remedy at law because injunctive

4   relief is necessary to deter Defendants from continuing their false and deceptive

5   conduct regarding the Key Master Machines.

6                          **THIRD CLAIM FOR RELIEF**
                            **Fraudulent Concealment**
7   (***for the Nationwide Class; in the alternative, for the California Subclass***)

8

9       81.    Plaintiff repeats the allegations contained in paragraphs 1-53 above as

10  if fully set forth herein.

11      82.    Plaintiff brings this claim individually and on behalf of the members of

12  the proposed Nationwide Class.   In the alternative, Plaintiff brings this claim

13  individually and on behalf of the proposed California Subclass.

14      83.    As the entities responsible for designing, manufacturing, and selling the

15  Key Master Machine, Defendants knew or reasonably should have known that the

16  Key Master Machine is designed to prevent users from winning the game until a pre-

17  determined number of failures have been completed.

18      84.    Despite Defendants' duty to disclose these material facts to Plaintiff

19  and members of the Nationwide Class and California Subclass, Defendants

20  concealed these material facts at the time consumers decided to pay monies to play

21  the Key Master Machine.

22      85.    Because the Key Master Machine's programmed inability to allow for

23  a user to win the prize pertains to the Key Master Machine's central functionality as

24  a prize-dispensing game, Defendants had a duty to disclose these material facts to

25  Plaintiff and other consumers. Defendants' programming of the Key Master

26  Machine to disallow successful attempts to win the game until a pre-determined

27  number of failed attempts have been completed directly pertains to the Key Master

28

Machine's central functionality: providing prizes when a game is skillfully and successfully played.

86.     Given that Defendants designed, manufactured and marketed the Key Master Machines, and that these omissions pertain to facts that, if revealed to consumers, would affect their decisions in that they would not have paid monies to play, or paid for others to play the Key Master Machines, Defendants' concealment of these material facts was intentional and with the intent to defraud Plaintiff and members of the Nationwide Class and California Subclass.

87.     Plaintiff and members of the Nationwide Class and California Subclass suffered injuries caused by Defendants given that, had they known that the Key Master Machines were programmed as games of chance that were designed to prevent players from winning the game until a pre-determined number of failed attempts have been completed, they would not have paid to play the game or paid for others to play the game, or would have paid significantly less.

## FOURTH CLAIM FOR RELIEF
### Common Law Fraud
### (*for the Nationwide Class; in the alternative, for the California Subclass*)

88.     Plaintiff repeats the allegations contained in paragraphs 1-53 above as if fully set forth herein.

89.     Plaintiff bring this claim individually and on behalf of the members of the Nationwide Class and California Subclass against Defendant.

90.     Defendants have willfully, falsely, and knowingly omitted the fact that the Key Master Machines are rigged in that they are designed to disallow users from winning the game until a pre-determined number of failed attempts have been completed.

91.     Defendants have further misrepresented, via graphical and written representations on the Key Master Machines, that the machines are games that are purely skill-based, when in fact they are rigged to be games of chance for the reasons

1  described herein.

2  92.  Therefore, Defendants have made knowing, fraudulent

3  misrepresentations and omissions as to the Key Master Machines.

4  93.  Defendants' omissions were material (*i.e.*, the type of

5  misrepresentations to which a reasonable person would attach importance and would

6  be induced to act thereon in making payment decisions), because they relate to the

7  central functionalities of the Key Master Machines: providing prizes when a game

8  is skillfully and successfully played.  The Key Master Machines mislead consumers

9  regarding this central functionality because they are not games of pure skill, but

10  instead are games of chance, given that Defendants' programming of the Key Master

11  Machine disallow users from winning the game until a pre-determined number of

12  failed attempts have been completed.

13  94.  Defendants knew or recklessly disregarded the fact that the Key Master

14  Machines would, unbeknownst to consumers, disallow users from winning the game

15  until a pre-determined number of failed attempts have been completed.

16  95.  Defendants intended that Plaintiff and other consumers rely on these

17  omissions and misrepresentations, as they are pertaining to facts that, if revealed to

18  consumers, would affect their payment decisions in that they would not have paid

19  money to play, or paid for others to play, the Key Master Machines, or would not

20  have been willing to pay as much.

21  96.  Plaintiff and members of the Nationwide Class and California Subclass

22  have reasonably and justifiably relied on Defendants' misrepresentations and

23  omissions when paying money to play, or have others pay to play, the Key Master

24  Machines and, had the correct facts been known, would not have paid money to play,

25  or pay for others to play, the machines or would not have been willing to pay as

26  much.

27  97.  Therefore, as a direct and proximate result of Defendants' fraud,

28  Plaintiff and members of the Nationwide Class and California Subclass have

CLASS ACTION COMPLAINT

22

suffered economic losses and other general and specific damages, including, but not limited to, the amounts paid to play, or paid for others to play, the Key Master Machine and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### FIFTH CLAIM FOR RELIEF
**Quasi-Contract/Restitution/Unjust Enrichment**
**(*for the Nationwide Class; in the alternative, for the California Subclass*)**

98.     Plaintiff repeats the allegations contained in paragraphs 1-53 above as if fully set forth herein.

99.     Plaintiff bring this claim individually and on behalf of the members of the Nationwide Class and California Subclass against Defendant.

100.    As alleged herein, Defendants intentionally, recklessly, and/or negligently omitted and misrepresented material information about the Key Master Machines to Plaintiff and members of the Nationwide Class and California Subclass to induce them to pay monies to play the Key Master Machines.  Plaintiff and members of the Nationwide Class and California Subclass have reasonably relied on the misleading omissions and misrepresentations.  Plaintiff and members of the Nationwide Class and California Subclass have therefore been induced by Defendants' misleading and false omissions and representations about the Key Master Machines, and paid monies to play them, or paid for others to play them, when they would otherwise not have.

101.    Plaintiff and members of the Nationwide Class and California Subclass have conferred a benefit upon Defendants, as Defendants has retained monies paid to them by Plaintiff and members of the Nationwide Class and California Subclass.

102.    The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the Nationwide Class and California Subclass – *i.e.*, Plaintiff and members of the Nationwide Class and California Subclass did not receive the full value of the benefit conferred upon Defendants

because Defendants represented that the Key Master Machines were games of pure skill, and that users had a chance of winning a prize if they aimed the key successfully into the keyhole.    In reality, this was not what was provided to consumers because the Key Master Machines are actually games of chance.

103.    Therefore, it is inequitable and unjust for Defendants to retain the profit, benefit, or compensation conferred upon them without paying Plaintiff and the members of the Nationwide Class and California Subclass back for the difference of the full value of the benefit compared to the value actually received.

104.    As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and members of the Nationwide Class and California Subclass are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendants from their deceptive, misleading, and unlawful conduct as alleged herein.

105.    Monetary damages are an inadequate remedy at law because injunctive relief is necessary to deter Defendants from continuing their false and deceptive conduct regarding the Key Master Machines.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the members of the Classes, respectfully requests the following relief:

A.    certifying the proposed Classes under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), as set forth above;

B.    declaring that Defendants are financially responsible for notifying the members of the Classes of the pendency of this suit;

C.    declaring that Defendants have committed the violations of law alleged herein;

D.    providing for any and all injunctive relief the Court deems appropriate;

E.    awarding statutory damages in the maximum amount for which the law provides;

F.    awarding monetary damages, including, but not limited to, any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law;

G.    providing for any and all equitable monetary relief the Court deems appropriate;

H.    awarding punitive or exemplary damages in accordance with proof and in an amount consistent with applicable precedent;

I.    awarding Plaintiff his reasonable costs and expenses of suit, including attorneys' fees;

J.    awarding pre- and post-judgment interest to the extent the law allows; and

K.    providing such further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all claims so triable.

Date: July 12, 2021             Respectfully submitted,

**FARUQI & FARUQI, LLP**

By: */s/ Benjamin Heikali*
Benjamin Heikali (SBN 307466)
*bheikali@faruqilaw.com*
Joshua Nassir (SBN 318344)
*jnassir@faruqilaw.com*
Ruhandy Glezakos (SBN 307473)
*rglezakos@faruqilaw.com*
10866 Wilshire Boulevard, Suite 1470
Los Angeles, California 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885

**CALCATERRA POLLACK LLP**
Janine L. Pollack (*pro hac vice*

CLASS ACTION COMPLAINT
25

forthcoming)
*jpollack@calcaterrapollack.com*
Michael Liskow (SBN 243899)
*mliskow@calcaterrapollack.com*
1140 Avenue of the Americas, 9th Floor
New York, NY 10036-5803
Tel: (212) 899-1761
Fax: (332) 206-2073

*Counsel for Plaintiff*

DocuSign Envelope ID: 3D0CB112-02GB-4FEA-946B-250D5BA32F30

## **CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Marcelo Muto, declare as follows:

1.      I am the Plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.      This Class Action Complaint is filed in the proper place of trial because I paid money to play Defendants' Key Master Machine in this District.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on _____7/12/2021 | 2:41 PM PDT_____ at Los Angeles, California.



—————————————————

Marcelo Muto